UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-22253-CIV-HUCK/BANDSTRA

UNITED STATES OF AMERICA, *ex rel.*,
MARC OSHEROFF,

        Relator,

vs.

TENET HEALTHCARE CORPORATION, et al.,

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART RELATOR'S MOTION FOR RECONSIDERATION**

    THIS MATTER comes before the Court on Relator's Motion for Reconsideration of Two Issues in Court Order Granting in Part and Denying in Part Defendants' Motion to Dismiss First Amended Complaint (D.E. No. 112), filed July 25, 2012. The Court has reviewed the parties' briefs, the relevant legal authorities, and is otherwise duly advised. For the reasons set forth below and in open court during the August 2, 2012 hearing, Relator's Motion is granted in part and denied in part.

    Motions for reconsideration are granted only when: (1) there is an intervening change in controlling law; (2) new evidence is available; or (3) there is a need to correct clear error or prevent manifest injustice. *See, e.g., Williams v. Cruise Ships Catering & Service Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (outlining grounds for granting a motion for reconsideration). Relator does not point to a change in the law or new evidence, so he is left to argue that the Court clearly erred. He has done that only in part.

    Relator correctly identifies as clear error the Court's use of the Oxford English Dictionary to define the statutory term "remuneration," which appears in both the Stark Act, 42 U.S.C. § 1395nn(h)(1)(B), and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). The Court defined remuneration as "money paid for work or service," Order at 13 (D.E. No. 111) (citing OXFORD ENGLISH DICTIONARY), when it should have instead defined it as "any payment or other benefit made

directly or indirectly . . . ." 42 C.F.R. § 411.351.  The Court thus strikes its use of the dictionary definition and replaces it with the applicable regulatory definition.  As the Court explained at the hearing, the dictionary definition was not material to its ultimate holding dismissing Relator's Stark Act claim.  Thus, the other parts of the Court's Order will remain undisturbed.  Furthermore, Relator's contention regarding the pleading requirements of the Anti-Kickback Statute is denied.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Relator's Motion for Reconsideration is GRANTED IN PART AND DENIED IN PART.  Relator filed his Second Amended Complaint on August 1, 2012 (D.E. No. 117).  The Court strikes the Second Amended Complaint, but permits Relator to file a new Second Amended Complaint by no later than Monday, August 13, 2012.

DONE AND ORDERED in chambers, Miami, Florida, August 2, 2012.

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record